counsel well taken. The indictment in the case of U. S. v. Clark [supra] was for fraudulently disposing of goods which had been obtained on false pretenses with intent to defraud creditors, and was founded upon the tenth clause of section 5132. In such a case it is necessary to charge an intent to defraud creditors generally. But for the bankruptcy law, the laws of most of the states allow a debtor to dispose of his property for the benefit of some creditors to the prejudice of others. But the bankruptcy law makes such disposal a fraud upon others, and makes it a criminal offense. It was therefore necessary to make the intention to defraud creditors generally a necessary ingredient of the offense defined in the tenth clause of section 5132. But the case of obtaining goods on false pretenses is quite a different one. If the goods are obtained from one person only, the intent to defraud that person alone makes a complete offense, and therefore it is only necessary to charge the intent as having existed with respect to that person.

III. I have more difficulty in regard to the third point taken by counsel for the accused. If they had stated their proposition less broadly, I might possibly have sustained them. But stated in the breadth which they give it, I do not feel authorized in sustaining it. If I may, by way of argument and illustration, refer to the case as set forth against the accused by the petition in bankruptcy, it is, that being a regular dealer in dry goods and shoes of long standing, and until lately of high credit and standing, he did, while carrying on business in the regular course of trade, yet obtain a very large quantity of goods on pretense of meaning to use them in his regular business, with intent to dispose of those particular goods out of the regular course of trade, at a sacrifice for ready cash, with intent to defraud the jobbers who trusted him for the price of the goods. Now, my opinion is that this offense, committed by a regular dealer, is indictable under the ninth clause of section 5132. But the proposition of the counsel of the accused is, that a regular dealer cannot commit the offense denounced by that clause. They claim that the indictment should have contained the negative averment, that the accused was not, in fact, carrying on business and dealing in the regular course of trade at all. I think that such an averment is not essential. It was not made in this case because it could not have been made with truth. The accused was a regular dealer; and his false pretenses were only held out in regard to the purposes ᵉfor which he was purchasing on credit the particular goods which he is charged as having diverted, and having intended to divert from the regular course of his trade. I would prefer to have seen a negative averment as to these particular goods in the indictment; but as the absence of it is not complained of by counsel for the accused, the trial must go on, and that matter must take care of itself at a future stage of the proceeding. On this and on all the points of objection to the indictment made by counsel the motion to quash is overruled.

UNITED STATES (MYERS v.). See Case No. 9,996.

# Case No. 15,849.

## UNITED STATES v. MYLER.

### [7 Leg. Int. 162.]

District Court, D. Maryland. 1850.

FRAUDS ON GOVERNMENT—LAND WARRANTS.

In the case of U. S. v. Myler, in which the accused was indicted for defrauding the United States of a land warrant, the counsel for the prisoner raised the point of law that the act of congress of 1823, c. 38, under which the indictment against the prisoner was framed, was intended only for the punishment of those charged with defrauding the government of sums of money, and that therefore the accused could not be convicted under it.

THE COURT sustained the objection, and instructed the jury to render a verdict of acquittal.

# Case No. 15,850.

## UNITED STATES v. MYNDERSE.

### [7 Blatchf. 483.] [1]

Circuit Court, N. D. New York. June, 1870.

INTERNAL REVENUE—FRAUDS IN DISTILLATION OF SPIRITS — FORFEITURES — PENALTIES— HOW RECOVERABLE.

1. Under section 54 of the internal revenue act of July 1, 1862 (12 Stat. 452), which declares, that the owner of any still or other vessel used in distillation shall, for certain violations of law, forfeit all the liquors and the vessels used in distillation, together with the sum of five hundred dollars, to be recovered, with costs of suit, "which said liquors, * * with the vessels, * * may be seized by any collector * * and held by him until a decision shall be had thereon, * * provided, that such seizure be made within thirty days after the cause for the same may have occurred, and that proceedings to enforce said forfeiture shall have been commenced * * within twenty days after the seizure thereof, and the proceedings to enforce said forfeiture shall be in the nature of a proceeding in rem," an action in personam, to recover the forfeiture of $500 therein provided for, will lie, although the seizure of property provided for by that section has not taken place.

2. Such action is, under that section, to be a separate suit from the proceeding in rem against the property seized, for its forfeiture.

[Error to the district court of the United States for the Northern district of New York.]

[This was an action brought in the district court by the United States against Edward

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]